1  Zachary S. Schumacher (State Bar No. 286898)
   LAW OFFICE OF ZACHARY S. SCHUMACHER
2  1901 1st Ave, First Floor
   San Diego, CA 92101
3  (619) 344-0800
   zach@schumacher-law.com
4
   Attorney for Plaintiff, MARVA LEWIS
5

6               UNITED STATES DISTRICT COURT

7          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

8
                                    ) Case No.: '21 CV1385 JAH BGS
9   MARVA LEWIS, an individual,      )
                                     ) **COMPLAINT FOR:**
10                    Plaintiff(s),  )
                                     ) 1. **Interference in Violation of the**
11        vs.                        )    **FMLA [***29 USC § 2615; 29 CFR***
                                     )    ***§ 825.220***]
12  CORECIVIC OF TENNESSEE, LLC, a   )
    Tennessee limited liability company ) 2. **Interference in Violation of the**
13  doing business in the state of California; )    **CFRA [***Gov. Code § 12945, et seq.***]
    CORECIVIC, LLC, a Delaware limited )
14  liability company doing business in the ) 3. **Retaliation in Violation of the**
    state of California; CORECIVIC, INC., )    **CFRA [***Gov. Code § 12945, et seq.***]
15  a Maryland corporation doing business )
    in the state of California; and DOES 1- ) 4. **Disability Discrimination in**
16  20, inclusive,                   )    **Violation of the FEHA [***Gov. Code***
                                     )    ***§ 12940(a)***]
17                                   )
                      Defendants.    ) 5. **Failure to Provide Reasonable**
18                                   )    **Accommodation in Violation of the**
                                     )    **FEHA [***Gov. Code § 12940(m)***]
19                                   )
                                     ) 6. **Failure to Engage in the**
20                                   )    **Interactive Process in Violation of**
                                     )    **the FEHA**
21                                   )    [***Gov. Code § 12940(n)***]
                                     )
22                                   ) 7. **Failure to Prevent Unlawful**
                                     )    **Discrimination/Retaliation**
23                                   )    [***Gov. Code § 12940(k)***]
                                     )
24                                   ) 8. **Wrongful Termination in Violation**
                                     )    **of Public Policy**
25                                   )
                                     ) 9. **Failure to Provide Uninterrupted**
26                                   )    **Meal and Rest Periods**
                                     )    [***Labor Code §§ 226.7, 512***]
27                                   )
                                     ) 10. **Failure to Pay Overtime Wages**
28                                   )    [***Labor Code §§ 204, 510, and 1194***]

                          -1-
_____
                                        COMPLAINT

**11. Failure to Provide Accurate Itemized Wage Statements [*Labor Code § 226*]**

**12. Violation of Bus. & Prof. Code §17200**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff MARVA LEWIS (hereinafter, "Plaintiff"), who alleges against the defendants, and each of them, as follows:

<u>**PARTIES**</u>

1.     Plaintiff is, and at all times herein mentioned was, an individual residing in the County of San Diego in the State of California.

2.     Defendant CORECIVIC OF TENNESSEE, LLC is, and at all times herein mentioned was, a limited liability company, organized and existing under the laws of Tennessee but duly licensed to do business, and doing business, within the State of California, and is an employer whose employees were engaged throughout this county and the State of California.

3.     Defendant CORECIVIC, LLC is, and at all times herein mentioned was, a limited liability company, organized and existing under the laws of Delaware but duly licensed to do business, and doing business, within the State of California, and is an employer whose employees were engaged throughout this county and the State of California.

4.     Defendant CORECIVIC, INC is, and at all times herein mentioned was, a corporate entity, organized and existing under the laws of Maryland but duly licensed to do business, and doing business, within the State of California, and is an employer whose employees were engaged throughout this county and the State of California.

5.     Plaintiff is informed and believes and thereon alleges that CORECIVIC OF TENNESSEE, LLC; CORECIVIC, LLC; CORECIVIC, INC; and the DOES 1 through 20, inclusive, are an "integrated enterprise" and share an interrelation of

-2-

operations, common management, centralized control of labor relations, and common ownership of financial control. As such, they are a single employer, joint employer, and/or integrated enterprise. These defendants are, and at all times herein mentioned were, joint employers and/or an integrated enterprise employing Plaintiff and all of Plaintiff's supervisors and managers, and all individuals named herein. CORECIVIC OF TENNESSEE, LLC; CORECIVIC, LLC; CORECIVIC, INC; and DOES 1-20, inclusive, are collectively referred to hereinafter as "CORECIVIC" or "Defendant."

6.     The true names, identities, or capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. When the true names, identities or capacities of such fictitiously designated defendants are ascertained, Plaintiff will seek to amend this Complaint and insert said true names, identities, and capacities, together with the proper charging allegations.

7.     Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein is responsible in some manner and liable herein for negligent, wanton, reckless, and tortious conduct, strict liability, and by such wrongful conduct, proximately caused Plaintiff's injuries and damages.

8.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each defendant, whether specifically identified or designated as a DOE, was the agent, managing agent, principal, owner, partner, joint venturer, representative, supervisor, manager, alter ego, affiliate, co-employer, joint venturer, servant, and/or co-conspirator of each of the other defendants, and was at all times mentioned herein acting within the course and scope of said agency, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

//

## JURISDICTION AND VENUE

9.    Jurisdiction in this Court is proper under 28 U.S.C. section 1332(a) in that Plaintiff is a resident of the State of California, and defendants are out of state residents, and the amount in controversy exceeds $75,000. Jurisdiction in this Court is also proper under 28 U.S.C. section 1331 in that Plaintiff's complaint involves a question arising under the federal Family & Medical Leave Act, 29 U.S.C. section 2601, et seq.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.    On or about March 15, 2021, Plaintiff timely filed a charge with the California Department of Fair Employment & Housing ("DFEH") and received a Right-to-Sue letter therefrom.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11.    On September 5, 2016, Plaintiff began working for CORECIVIC as a Treatment Counselor at one of its private-prison facilities in San Diego.  She was hired and paid as an hourly, non-exempt employee.  Her primary job duties included planning and conducting mental health and substance abuse counseling sessions with CORECIVIC's inmate population.

12.    During her time at CORECIVIC, Plaintiff began suffering from several physical and psychological conditions which limited her ability to perform major life functions.

13.    In spring of 2018, Plaintiff was hospitalized by ambulance during one of her shifts and was later diagnosed with stress-induced psychological trauma and severe gastrointestinal inflammation.  Over the next twelve months, her condition grew worse and she began having trouble controlling her bowels, including while she was working.

14.    On or about April 19, 2019, Plaintiff experienced an uncontrollable bowel movement in front of CORECIVIC's human resources manager, Sherrie

Lashlee, prompting Ms. Lashlee to suggest that Plaintiff see a doctor and take FMLA leave if deemed necessary.

15.     On or about April 23, 2019, Plaintiff informed CORECIVIC's human resources department ("HR") of her intention to take medical leave to address her worsening medical condition.  Sherrie Lashlee approved the leave and gave Plaintiff a packet of FMLA documents for Plaintiff's physician to sign and return if/when extended medical leave was deemed necessary.

16.     The following day, however, Ms. Lashlee called Plaintiff and instructed her to disregard the FMLA paperwork because CORECIVIC had decided to handle Plaintiff's medical condition as a worker's compensation claim rather than as medical leave under FMLA.  Ms. Lashlee specifically told Plaintiff not to worry about returning the FMLA paperwork, because worker's compensation was completely separate and distinct from FMLA.

17.     That same day, Plaintiff's doctor recommended that Plaintiff take medical leave until further notice.  In reliance on Ms. Lashlee's instructions, Plaintiff did not give her doctor the FMLA paperwork.

18.     On or about April 29, 2019, at Sherrie Lashlee's instruction, Plaintiff stopped by the HR department to sign paperwork initiating a worker's comp claim. At no point during the visit did Ms. Lashlee or anyone else at CORECIVIC address Plaintiff's rights under FMLA or CFRA.

19.     Several days later, Plaintiff received a letter from CORECIVIC stating, among other things, that her "request for FMLA leave" had been approved.  Confused by the letter, Plaintiff immediately contacted HR to determine whether she was on FMLA or worker's comp leave.  She was assured by Sherrie Lashlee that it was being handled as a worker's comp claim – not as FMLA leave – and that Plaintiff should disregard any future correspondence referencing FMLA because there was clearly a mis-entry of information into CORECIVIC's data system.

20.    On or about June 10, 2019, Plaintiff received a letter stating that her worker's comp claim had been denied because her injuries were not work-related. When Plaintiff called Defendant's HR department, they had no knowledge of her claim being denied and said their records showed that she was still out for worker's comp leave.

21.    In the days that followed, Plaintiff retained a worker's comp lawyer to appeal the denial of her claim.  At that time, she also applied for disability benefits with the California Employment Development Department ("EDD").  Plaintiff is informed and believes that her worker's comp lawyer and the EDD were both in contact with CORECIVIC regarding Plaintiff's worker's comp and disability status, respectively.

22.    On or about June 26, 2019, CORECIVIC sent Plaintiff a letter stating that she had failed to submit medical documents in support of her "FMLA leave." The letter warned that if Plaintiff did not produce the necessary paperwork within 10 days, her employment at CORECIVIC would be terminated for job abandonment.

23.    In response to the June 26 letter, Plaintiff (again) called Defendant's HR department about the status of her leave – but (again) they could not tell her whether she was on FMLA or worker's comp leave.  During the call, Plaintiff stated that based on earlier instructions from CORECIVIC's HR manager, Sherrie Lashlee, she believed she was still on worker's comp leave (not FMLA).  At that time, she also informed HR that she was challenging the denial of her worker's comp claim and that her disability leave had been approved by the EDD.  The HR department said they would "look into it" and let her know.

24.    On or about September 30, 2019, CORECIVIC sent Plaintiff a letter stating that her "FMLA leave" had been exhausted and that any additional leave would expire on October 21, 2019.  In reliance on CORECIVIC's numerous prior representations, Plaintiff assumed the letter was sent in error because she was clearly on worker's comp leave – not FMLA.  Nonetheless, Plaintiff called the HR

department to remind them (again) that she was on worker's comp leave – not FMLA – and that any questions about the matter should be directed to her worker's compensation attorney.  At this time, CORECIVIC (again) assured Plaintiff not to worry about the letter, because HR would "straighten it out" on their end.

25.    On or about October 1, 2019, CORECIVIC sent Plaintiff a letter stating that her health insurance would be canceled for failure to pay monthly premiums during her medical leave.  However, the substance of the letter was false because Plaintiff had been making timely payments on all insurance premiums during her leave.  To clear up the matter, Plaintiff was required to provide receipts for each month that she paid her premiums – which also required Plaintiff to contact HR several times during the month of October 2019.

26.    On or about November 4, 2019, CORECIVIC sent Plaintiff a letter stating that her employment was terminated, effective immediately, for failure to return to work.  The letter claimed that Plaintiff never responded to CORECIVIC's September 30, 2019 letter and never expressed an "intention to return to work." Plaintiff immediately contacted HR to resolve the matter, but CORECIVIC refused to change its position – insisting that Plaintiff's employment was officially terminated despite the ongoing worker's compensation claim and the undeniable record of communications between Plaintiff and Defendant regarding the status of Plaintiff's leave.

27.    For the foregoing reasons, Plaintiff is informed and believes that CORECIVIC discriminated and retaliated against her because of her disability/medical condition and her exercise of rights under the FMLA, FEHA, and CFRA.  Plaintiff further believes that CORECIVIC's discriminatory and retaliatory conduct was a substantial factor in causing Plaintiff's harm, including, among other things, being discharged from her job, as alleged herein.

//

**FIRST CAUSE OF ACTION**
**Interference in Violation of the FMLA**
*29 USC § 2615; 29 CFR § 825.220*
**(Against all Defendants)**

The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

28.    The Family and Medical Leave Act ("FMLA") and its associated regulations, including, among other things, 29 CFR 825.220, prohibit an employer from interfering with an employee's right to take FMLA leave and from discriminating or retaliating against an employee because the employee has exercised her rights under the FMLA.

29.    As alleged herein, at all times relevant, Defendant was a covered employer as that term is defined under the FMLA.  As alleged herein, and at all times relevant, Plaintiff was a covered employee as that term is defined under the FMLA, and Plaintiff was eligible for FMLA leave.

30.    On or about April 23, 2019, Plaintiff's notified Defendant of her serious medical condition and her intention to take a medical leave of absence under the FMLA.

31.    Defendant interfered with, restrained, and denied Plaintiff's attempt to exercise her right to protected leave under the FMLA by discouraging Plaintiff from taking the leave and instead falsely assuring her that the leave would be covered as a worker's compensation claim.

32.    Defendant also interfered with and restrained Plaintiff 's attempts to exercise her right to leave under the FMLA by repeatedly failing to timely notify Plaintiff of her rights under the FMLA in response to Plaintiff 's requests for clarification on the status of her leave and despite Defendant's direct knowledge of Plaintiff 's serious health condition.

33.    As a direct and proximate result of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff suffered adverse employment actions, including without limitation, termination of her employment.

34.    In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

35.    As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

36.    The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff.  Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition.  Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

37.    As a direct and proximate result of the foregoing conduct, which violated the provisions of 29 USC § 2615 and related regulations, Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim. Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

38.    WHEREFORE, Plaintiff requests relief as hereinafter provided below.

## SECOND CAUSE OF ACTION
### Interference in Violation of the CFRA
### Gov. Code § 12945, *et seq.*
### (Against all Defendants)

39.     The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

40.     The California Family Rights Act ("CFRA") protects the job security of employees in the state of California who are absent from work because of their own serious health condition or to care for family members who are suffering from a serious health condition.  The CFRA provides, in pertinent part, that it is an unlawful practice for an employer to interfere with an employee's exercise or attempt to exercise any right provided by CFRA.

41.     If an employer interferes with an employee's right to take a leave of absence as provided by the CFRA, the interference with this right is a CFRA violation regardless of the employer's intent or motive.  *Liu v. Amway Corp.* (9th Cir. 2003) 347 F.3d 1125, 1135 ["A violation of the FMLA simply requires that the employer deny the employee's entitlement to FMLA leave"]; *Bachelder v. America West Airlines, Inc.* (9th Cir. 2001) 259 F.3d 1112, 1130; *Sanders v. City of Newport* (9th Cir. 2011) 657 F.3d 772, 778; *Smith v. Diffee Ford-Lincoln-Mercury, Inc.* (10th Cir. 2002) 298 F.3d 955, 960; *King v. Preferred Technical Group* (7th Cir. 1999) 166 F.3d 887, 891.

42.     As alleged herein, at all times relevant, Defendant was a covered employer as that term is defined under the CFRA.  As alleged herein, and at all times relevant, Plaintiff was a covered employee as that term is defined under the CFRA, and Plaintiff was eligible for CFRA leave.

43.     Plaintiff attempted to exercise her right to take a leave of absence under the CFRA when she properly notified Defendant of her serious medical condition and her need to take a medical leave of absence.

44.    Defendant interfered with, restrained, and denied Plaintiff's attempt to exercise her right to protected leave under the CFRA by discouraging Plaintiff from taking the leave and instead falsely assuring her that the leave would be covered as a worker's compensation claim.

45.    Defendant also interfered with and restrained Plaintiff 's attempts to exercise her right to leave under the CFRA by repeatedly failing to timely notify Plaintiff of her rights under the CFRA in response to Plaintiff 's requests for clarification on the status of her leave and despite Defendant's direct knowledge of Plaintiff 's serious health condition.

46.    As a direct and proximate result of Defendant's interference with Plaintiff's rights under the CFRA, Plaintiff suffered adverse employment actions, including without limitation, termination of her employment.

47.    In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

48.    As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

49.    The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff.  Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition.  Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages

in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

50.    As a direct and proximate result of the foregoing conduct, which violated the provisions of Government Code § 12945, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim. Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

51.    WHEREFORE, Plaintiff requests relief as hereinafter provided below.

### THIRD CAUSE OF ACTION
**Retaliation in Violation of the CFRA**
**Gov. Code § 12945, *et seq.***
**(Against all Defendants)**

52.    The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

53.    The laws of the State of California prohibit an employer from retaliating against an employee because the employee has exercised her right to take medical leave under the CFRA.

54.    As alleged herein, at all times relevant, Defendant was a covered employer as that term is defined under the CFRA.  As alleged herein, and at all times relevant, Plaintiff was a covered employee as that term is defined under the CFRA, and Plaintiff was eligible for CFRA leave.

55.    Plaintiff attempted to exercise her right to take a leave of absence under the CFRA when she properly notified Defendant of her serious medical condition and her need to take a medical leave of absence.

56.    In retaliation for Plaintiff engaging in the legally protected activity of requesting and taking a medical leave of absence under the CFRA, Defendant caused Plaintiff to suffer adverse employment actions, including without limitation, termination of her employment.

57.     In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

58.     As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

59.     The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff.  Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition.  Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

60.     As a direct and proximate result of the foregoing conduct, which violated the provisions of Government Code § 12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim. Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

61.     WHEREFORE, Plaintiff requests relief as hereinafter provided below.

### FOURTH CAUSE OF ACTION
**Disability Discrimination in Violation of the FEHA**
**Gov. Code § 12940(a)**
**(Against all Defendants)**

-13-

62.    The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

63.    Defendant is an "employer" as defined by Government Code section 12926(d).

64.    At all times relevant herein, Plaintiff was employed by Defendant and was an individual with a disability as defined under the Fair Employment and Housing Act ("FEHA"), Government Code section 12940, et seq.

65.    At all times relevant herein, Plaintiff was perceived and/or regarded by Defendant as having a disability as defined under the FEHA.

66.    At all times relevant herein, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation.

67.    Under the FEHA, it is an unlawful employment practice for an employer, because of the disability or medical condition of any person, to discharge or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

68.    Defendant violated the FEHA by terminating Plaintiff on the basis of her disability and medical condition.

69.    In addition, Plaintiff is informed and believes that Defendant employs corporate practices and policies that discriminate against individuals with disabilities and individuals who take medical leave due to disabilities and who are in need of reasonable accommodations.

70.    In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

71.    As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and

compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

72.    The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff.  Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition.  Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

73.    As a direct and proximate result of the foregoing conduct, which violated the provisions of Government Code § 12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim. Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

74.    WHEREFORE, Plaintiff requests relief as hereinafter provided below.

## FIFTH CAUSE OF ACTION
### Failure to Provide Reasonable Accommodation in Violation of the FEHA
### Gov. Code § 12940(m)
### (Against all Defendants)

75.    The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

76.    Defendant is an "employer" as defined by Government Code section 12926(d).

77.    At all times relevant herein, Plaintiff was employed by Defendant and was an individual with a disability as defined under the FEHA.

78.    At all times relevant herein, Plaintiff was perceived and/or regarded by Defendant as having a disability as defined under the FEHA.

79.    Plaintiff was willing and physically able to perform the essential functions of her job with or without a reasonable accommodation.

80.    Defendant failed and refused to ascertain the availability or feasibility of potential reasonable accommodations to Plaintiff as required by law, and instead terminated Plaintiff's employment in violation of the FEHA.

81.    Accommodating Plaintiff's disability would not have imposed an undue hardship on Defendant.

82.    From the date Plaintiff was hired by Defendant to the date she was terminated, Plaintiff was able to perform the essential functions of her job, with or without a reasonable accommodation, and she performed competently and capably.

83.    In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

84.    As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

85.    The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff.  Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition.  Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages

in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

86.     As a direct and proximate result of the foregoing conduct, which violated the provisions of Government Code § 12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim. Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

87.     WHEREFORE, Plaintiff requests relief as hereinafter provided below.

### SIXTH CAUSE OF ACTION
**Failure to Engage in the Interactive Process in Violation of the FEHA**
**Gov. Code § 12940(n)**
**(Against all Defendants)**

88.     The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

89.     Defendant is an "employer" as defined by Government Code section 12926(d).

90.     At all times relevant herein, Plaintiff was employed by Defendant and was an individual with a disability as defined under the FEHA.

91.     At all times relevant herein, Plaintiff was perceived and/or regarded by Defendant as having a disability as defined under the FEHA.

92.     Pursuant to Government Code section 12940(n), an employer must engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations in response to a request for reasonable accommodations by an employee with a known disability or medical condition. The "interactive process" is the key mechanism for integrating employees with disabilities or medical conditions into the workplace, and liability will be imposed on the employer for failing to engage in this process.

93.    Plaintiff gave notice to Defendant that she had a disability/medical condition and required reasonable accommodations, including without limitation, taking reasonable and finite time off work to receive treatments and to heal from the symptoms associated with her disability.

94.    At no time did Defendant engage in a timely, good faith, interactive process with Plaintiff to determine whether her disability would affect the performance of the essential functions of her job or whether reasonable accommodations would allow Plaintiff to perform the essential functions of her job in spite of her disability.

95.    Despite having notice of Plaintiff's disability and need for a reasonable accommodation, Defendant, by and through its agents and employees, unlawfully failed and refused to engage in a good faith interactive process, in violation of the FEHA.

96.    Rather than engage in a good faith interactive process to ascertain reasonable accommodations that would enable Plaintiff to return to work, Defendant terminated her employment.

97.    In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

98.    As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

99.    The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and

-18-

annoy Plaintiff. Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition. Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

100. As a direct and proximate result of the foregoing conduct, which violated the provisions of Government Code § 12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim. Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

101. WHEREFORE, Plaintiff requests relief as hereinafter provided below.

### SEVENTH CAUSE OF ACTION
**Failure to Prevent Unlawful Discrimination/Harassment**
**Gov. Code § 12940(k)**
**(Against all Defendants)**

102. The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

103. In violation of Government Code section 12940(k), Defendant failed to take all reasonable steps to prevent the discrimination and retaliation suffered by Plaintiff, and failed to take immediate and appropriate corrective action to address, reduce, and cure the conduct alleged herein.

104. Any policy of Defendant that purported to prevent discrimination, retaliation, or harassment was ineffectively implemented and/or enforced, such that it caused Plaintiff to suffer the adverse conduct alleged herein.

105. At all times relevant, Defendant failed to provide adequate training and/or education to its personnel and, most particularly, to its officers, managing

agents, directors, supervisors, and human resources personnel to address, reduce, and eliminate unlawful discrimination, retaliation, and harassment.

106.    In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

107.    As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

108.    The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff.  Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition.  Accordingly, the defendants' conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

109.    As a direct and proximate result of the foregoing conduct, which violated the provisions of Government Code § 12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim. Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

110.    WHEREFORE, Plaintiff requests relief as hereinafter provided below.

//

### EIGHTH CAUSE OF ACTION
**Wrongful Termination in Violation of Public Policy**
**(Against all Defendants)**

111.  The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

112.  The above-described conduct by Defendant and its directors, officers, and/or managing agents, and DOES 1-20, and each of them, violated the public policy of the State of California as evidenced by the enactment of the Fair Employment and Housing Act ("FEHA") (Government Code section 12940, et seq.) and the California Family Rights Act ("CFRA") (Government Code section 12900, et seq.).

113.  By terminating Plaintiff and retaliating against Plaintiff's exercise of her rights under the FEHA and the CFRA, the defendants terminated Plaintiff in violation of public policy.

114.  In engaging in the aforementioned conduct, Defendant and DOES 1-20, inclusive, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

115.  As a direct and proximate result of the aforementioned acts and omissions of the Defendant, Plaintiff suffered and incurred damages, including, but not limited to, loss of income, loss of employment benefits, and general and compensatory damages, including emotional distress, and Plaintiff will continue to so suffer in the future, in an amount to be proven at trial.

116.  The foregoing conduct engaged in by Defendant and DOES 1-20, inclusive, and each of them or their directors, officers, and/or managing agents, was willful, intentional, and malicious and was done with the intent to vex, injure, and annoy Plaintiff.  Furthermore, their conduct was carried out with a conscious and willful disregard of the right of Defendant's employees to work in an environment free of discrimination based on one's disability or medical condition.  Accordingly,

the defendants' conduct warrants the imposition of punitive and exemplary damages in an amount sufficient to punish said defendants and to prevent others from engaging in similar conduct.

117.    As a direct and proximate result of the foregoing conduct, which violated the provisions of Government Code § 12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim. Plaintiff is thereby entitled to the reasonable value of such attorney's fees and costs, in an amount to be proven at trial.

118.    WHEREFORE, Plaintiff requests relief as hereinafter provided below.

### NINTH CAUSE OF ACTION
**Failure to Provide Uninterrupted Meal and Rest Breaks**
**Labor Code §§ 226.7, 512**
**(Against all Defendants)**

119.    The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

120.    During her employment with Defendant, Plaintiff's employment was covered by Labor Code section 226.7 and applicable Wage Orders issued by the California Department of Industrial Relations ("DIR").

121.    Pursuant to Labor Code Section 226.7 and applicable Wage Order(s), Plaintiff was entitled to a duty-free meal period of at least thirty (30) minutes for each work day worked more than five (5) hours.  For each shift of over five (5) hours, in which Plaintiff was not provided a duty-free meal break, Plaintiff is entitled to one (1) hour of pay at her regular hourly rate.

122.    Pursuant to Labor Code Section 226.7 and applicable Wage Order(s), Plaintiff was entitled to a duty-free rest period of at least ten (10) minutes for every four (4) hours worked per work day.  For each shift of over four (4) hours in which Plaintiff was not provided a duty-free rest break, Plaintiff is entitled to an additional one (1) hour of pay at her regular hourly rate.

123.   During her employment with Defendant, Plaintiff was regularly not provided with timely uninterrupted thirty (30) minute meal breaks and ten (10) minute rest breaks as required by law.

124.   As a result of Defendants' failure to comply with California's meal and rest break regulations, Plaintiff is entitled to compensation of one (1) hour of pay for each work shift longer than five (5) hours during which she was not provided a full thirty (30) minute meal break and an additional one (1) hour of pay for each workday of at least four (4) hours in which she was not provided a ten (10) minute rest break.

125.   WHEREFORE, Plaintiff requests relief as hereinafter provided below.

### TENTH CAUSE OF ACTION
**Failure to Pay Regular and Overtime Wages**
**Labor Code §§ 204, 510, 1194**
**(Against all Defendants)**

126.   The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

127.   Plaintiff was entitled to regular hourly and overtime compensation for all work time performed for Defendant, in an amount according to proof.  Pursuant to California Labor Code section 1194, Plaintiff is entitled to recover her unpaid hourly and overtime compensation, plus attorneys' fees and costs, in an amount to be proved at trial.

128.   During Plaintiff's employment with Defendant, within the applicable statute of limitations, Plaintiff consistently worked off-the-clock, receiving no wages for her time or labor.  On multiple occasions, Plaintiff would work more than eight hours on a daily basis, and/or more than forty hours in a workweek.  Defendant willfully and in bad faith refused to pay Plaintiff all owed overtime compensation.

129.   WHEREFORE, Plaintiff requests relief as hereinafter provided below.

//

//

-23-

**ELEVENTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**Labor Code § 226**
**(Against all Defendants)**

130. The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

131. Labor Code §226(a) requires every employer, semi-monthly or at the time of each payment of wages, to furnish each of its employees, either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing, among other things, 1) gross wages earned, 2) total hours worked by the employee, 3) all deductions, 4) net wages earned and 5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

132. Pursuant to Labor Code §226(a), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by Plaintiff, including, but not limited to, beginning and ending of each work period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

133. As a pattern and practice, in violation of Labor Code §226(a), Defendant did not furnish Plaintiff an accurate itemized statement in writing showing 1) the true name of her employer, 2) gross wages earned, 3) total hours worked, 4) all deductions, 5) net wages earned, and 6) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

134. As a pattern and practice, in violation of Labor Code §226(a), Defendant did not maintain accurate records pertaining to the total hours worked for Defendant

by Plaintiff, including but not limited to, beginning and ending of each work period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

135.    As a consequence of Defendant's knowing and intentional failure to comply with Labor Code §226, Plaintiff is entitled to recovery under Labor Code §226(e) as follows:

        a) Fifty dollars ($50.00) for the initial pay period in which a violation occurred; and

        a) One hundred dollars ($100.00) for each violation in a subsequent pay period, not to exceed an aggregate of $4,000.00.

136.    Pursuant to Labor Code §226(e) and/or §226(g), Plaintiff is also entitled to interest thereon and an award of costs and reasonable attorneys' fees.

137.    WHEREFORE, Plaintiff requests relief as hereinafter provided below.

**TWELFTH CAUSE OF ACTION**
**Unfair Business Practices**
**Bus. & Prof. Code § 17200, et seq.**
**(Against all Defendants)**

138.    The allegations in all preceding paragraphs are re-alleged and incorporated herein by reference as though fully set forth herein.

139.    Defendant's failure to pay overtime wages to Plaintiff as required by the IWC Wage Orders and the California Labor Code, and Defendant's failure to keep proper records, as alleged herein, constitute unlawful activity prohibited by Business and Professions Code sections 17200, et seq.

140.    The actions of Defendant, as alleged herein, constitute false, unfair, fraudulent and deceptive business acts and/or practices, within the meaning of Business and Professions Code sections 17200, et seq.

141.   As a result of these unlawful acts, Defendant has reaped, and continues to reap, unfair benefits at the expense of Plaintiff and other similarly situated employees.

142.   Defendant should be enjoined from this activity and made to disgorge these ill-gotten gains and to restore to Plaintiff the wrongfully withheld wages, pursuant to Business and Professions Code section 17200, et seq.

143.   Plaintiff has been prejudiced and harmed by Defendant's unfair trade practices because her actual earned and vested wages were not paid and were instead withheld illegally by Defendant.

144.   As a direct and proximate result of the unfair business practices of Defendant, Plaintiff is entitled to equitable and injunctive relief, including full restitution, disgorgement, and/or specific performance of payment of all wages that have been unlawfully withheld from Plaintiff, and enjoinment of Defendant to cease and desist from engaging in the practices described herein.

145.   The illegal conduct alleged herein is continuing, and there is no indication that Defendant will not continue such conduct in the future.  If Defendant is not enjoined from the conduct set forth in this Complaint, it will continue to avoid paying minimum and overtime wages, providing lawful meal and rest periods, and paying appropriate taxes, insurance, and unemployment contributions.

146.   Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting Defendant from engaging in the practices described herein above.

147.   WHEREFORE, Plaintiff requests relief as hereinafter provided below.

//

//

//

//

//

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against the defendants and each of them as follows:

1. For general, special, compensatory, actual, and liquidated damages in amounts to be proven at trial;

2. For penalties under the California Labor Code, including, without limitation, Labor Code section(s) 226(e) and 226.7;

3. For punitive and exemplary damages in an amount appropriate to punish the defendant(s) and to deter similar conduct in the future;

4. For declaratory and injunctive relief under the first, second, seventh, and eleventh causes of action;

5. For reasonable attorney's fees and costs of suit and expenses;

6. For pre- and post-judgment interest, to the extent allowed by law; and

7. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury in this matter.

Respectfully submitted,

Dated:  August 2, 2021

LAW OFFICE OF ZACHARY S. SCHUMACHER

By   /s/Zachary S. Schumacher
ZACHARY S. SCHUMACHER
*Attorney for Plaintiff*

-27-

COMPLAINT