UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVA LEWIS, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, a Tennessee limited liability company doing business in the state of California; CORECIVIC, LLC, a Delaware limited liability company doing business in the state of California; CORECIVIC, INC., a Maryland corporation doing business in the state of California; and DOES 1-20, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.:  21-cv-1385 JAH BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 6).** |

　　　Pending before the Court is Defendant CoreCivic of Tennessee, LLC, CoreCivic, LLC, and CoreCivic, Inc. ("Defendants") Motion to Dismiss Plaintiff's Complaint. ("Motion", ECF No. 6).  Plaintiff Marva Lewis, ("Plaintiff") filed the response in opposition to the Motion on October 10, 2021, ("Opp'n" ECF No. 7), and Defendants filed a reply in support of their Motion on October 20, 2021, ("Reply", ECF No. 8).  For the reasons set forth below, the Court **grants in part and denies in part** Defendant's Motion to Dismiss.

# I. BACKGROUND[1]

Plaintiff Marva Lewis was an employee of CoreCivic, a private-prison in San Diego. ("Complaint", ECF No. 1 at 4). During her employment as a Treatment Counselor, Plaintiff alleges she was denied meal and rest breaks, was not paid overtime, and was not provided with accurate wage statements. (*Id.* at ¶ 11).

In 2018, Plaintiff was diagnosed with stress-induced psychological trauma and severe gastrointestinal inflammation. (*Id* at ¶ 13). Her condition escalated to the point that CoreCivic's human resources manager suggested she see a doctor and take Family and Medical Leave Act ("FMLA") leave if needed. (*Id.* at ¶¶ 14, 15). On or about April 23, 2019, Plaintiff informed human resources of her intent to take medical leave. (*Id.* at ¶ 15). Her leave was approved, and she was provided a packet of FMLA documents to be signed. (*Id.* at ¶ 16). Plaintiff was then told by human resources to disregard the FMLA paperwork, as CoreCivic would handle her medical leave as a worker's compensation claim, rather than FMLA. (*Id.*) Accordingly, Plaintiff did not turn her FMLA paperwork over to her physician to be signed. (*Id.* at ¶ 18). On or about April 29, 2019, Plaintiff signed the paperwork to initiate a worker's compensation claim. (*Id.*) Plaintiff subsequently received a letter from CoreCivic informing her that her FMLA leave had been approved, despite being told by human resources to disregard the FMLA paperwork. (*Id.* at ¶ 19). On or about June 10, 2019, her worker's compensation claim was denied because her injuries were not work-related, but when she inquired, human resources informed her that they had no knowledge of her claim being denied. (*Id.* at ¶ 20).

Plaintiff challenged the denial of her worker's compensation claim, and in the course of that challenge, signed a Compromise and Release ("CR"). (Motion at 8). The CR included "employment" and "earnings" claims agreed to be released and settled without litigation. (*Id.* at 12-14). Plaintiff received two more letters informing her that she had

---

[1] This is a recitation of pleaded facts for the purposes of this motion and not to be construed as findings of fact by this Court.

failed to provide documentation for her FMLA leave and that her FMLA leave had been exhausted, both of which she was told to disregard by human resources. (Complaint at ¶ 24-25). However, on November 4, 2019, Plaintiff's employment was terminated for not responding to the second letter sent on September 30, 2019, warning that her FMLA leave had been exhausted, and for not expressing an intention to return to work. (*Id.* at ¶¶ 24, 26). When Plaintiff reached out to CoreCivic about the matter and the alleged miscommunication, CoreCivic refused to reverse their position. (*Id.* at ¶ 26)

On August 2, 2022, Plaintiff filed her Complaint against Defendants alleging twelve causes of action: (1) Interference in Violation of the FMLA 29 U.S.C. § 2615; 29 C.F.R. § 825.220; (2) Interference in Violation of the California Family Rights Act ("C.F.R.A.") Gov. Code § 12945, et seq.; (3) Retaliation in Violation of the C.F.R.A. Gov. Code § 12945, et seq.; (4) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA") Gov. Code § 12940(a); (5) Failure to Provide Reasonable Accommodation in Violation of the FEHA Gov. Code § 12940(m); (6) Failure to Engage in the Interactive Process in Violation of the FEHA Gov. Code § 12940(n); (7) Failure to Prevent Unlawful Discrimination/Harassment Gov. Code § 12940(k); (8) Wrongful Termination in Violation of Public Policy; (9) Failure to Provide Uninterrupted Meal and Rest Breaks Labor Code §§ 226.7, 512; (10) Failure to Pay Regular and Overtime Wages Labor Code §§ 204, 510, 1194; (11) Failure to Provide Accurate Itemized Wage Statements Labor Code § 226, and; (12) Unfair Business Practices Bus. & Prof. Code § 17200, et seq.

## II.   LEGAL STANDARD

A motion to dismiss can be granted when there is no claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). In evaluating a motion to dismiss, the Court accepts as true the facts alleged in the complaint and draws all inferences in the light most favorable to the non-moving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court is not bound to accept as true legal conclusions presented as allegations of fact. *Id.* While recitation of the elements of a cause of action is not sufficient, a well-pleaded complaint

may proceed even if the likelihood of recovery is remote. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007).

### III.   DISCUSSION

**A.    Judicial Notice**

Defendants request that this Court take judicial notice of the Compromise and Release signed by Plaintiff Marva Lewis on January 29, 2020, the State of California Worker's Compensation Appeal Board ("WCAB") Order Approving the Compromise and Release, and all other documents attached to the Declaration of Stacy Bickler of Siegel, Moreno & Stettler, APC.  (ECF 6-2 at 2).  The Parties do not dispute the authenticity of these documents.  The Court may take judicial notice of court filings and other matters of public record.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  Judicial notice is also appropriate for records from administrative bodies.  *United States v. 14.02 Acres of Land More or Less in Fresno County.*, 547 F.3d 943, 955 (9th Cir. 2008).   Therefore, judicial notice of these documents pertaining to the worker's compensation claim are appropriate.

**B.    Defendants' Motion to Dismiss**

*i.    Compromise and Release*

Defendants argue that the CR signed by Plaintiff bars all twelve of her claims because they all arise from "employment" or "earnings" and were released when she signed the CR. (Motion at 11).  A CR is enforceable when the person with the capacity of reading and understanding signs without fraud and is subsequently estopped from claiming provisions are against the individual's intent or understanding. *Jefferson v. California Dept. of Youth Authority*, 28 Cal.4th 299, 303 (2002).  The Court balances the public policy interest in enforcing strict CR's that have been subject to oversight from the WCAB with protecting the interests of workers who sign releases without full knowledge of what future claims might arise.  *Id.* at 304.  Defendants rely on *Skrbina v. Fleming Companies*, 45 Cal.App.4th 1353 (1996) in arguing that the CR is enforceable.  (Motion at 12).

  In *Skrbina*, the plaintiff filed a complaint for unlawful discrimination and wrongful discharge. *Id.* at 1360. The plaintiff had signed a prior CR release in order to receive severance benefits that released claims arising from employment, including "any and all claims under state or federal employment laws". *Id.* at 1359-1360. As the language of the release was specific to employment law, the court found that the release barred the plaintiff's claims arising from the Fair Employment and Housing Act. *Id.* at 1369-1370.

  However, Plaintiff argues that *Claxton v. Waters* is the more analogous case. (Response at 5). In *Claxton*, the plaintiff filed a worker's compensation claim for injury to the psyche from sexual harassment, as well as a civil action for sexual harassment in violation of the Fair Employment and Housing Act. *Claxton v. Waters*, 34 Cal.4th 367, 371 (2004). In settling the worker's compensation claim, plaintiff signed a mandatory CR that released "all claims and causes of action, whether now known or ascertained, or which may hereafter arise or develop as a result of said injury, including any and all liability of said employer". *Id.* This CR was approved by a worker's compensation judge. *Id.* Based on this release, the defendants argued that the civil action was barred. *Id.* at 372. The court found that the release applied only to claims within the scope of the worker's compensation system, and not separate civil actions unless there is extrinsic evidence of intent to release claims outside of the worker's compensation system. *Id.* at 376.

  The facts in *Claxton* are closer to the facts of this case, as both pertain to releases signed in worker's compensation proceedings rather than a release signed to receive benefits as in *Skrbina*. Further, many of the facts the court in *Claxton* found persuasive are present in this case. Like in *Claxton*, there is no reference to releasing claims in other civil actions in the CR, with the language instead providing that "Execution of this form has no effect on claims that are not within the scope of the workers' compensation law or claims that are not subject to the exclusivity provisions of the workers' compensation law, unless otherwise expressly stated". (ECF No. 6-1 at 12). Further, like in *Claxton*, there is no attached extrinsic evidence demonstrating an intent for this release to apply to claims outside the worker's compensation system.

*Claxton* also distinguishes from *Jefferson v. California Dept. of Youth Authority*, 28 Cal.4th 299 (2002), another case the Defendants rely on to support their position. Defendants argue that per *Jefferson*, Plaintiff must expressly exempt any claim from the general release. (Motion at 11). However, as the court in *Claxton* explains, the rule in *Jefferson* was not that only in "extraordinary circumstances" are claims not released by the general release form. *Claxton*, 28 Cal.4th at 375. Rather, the release in *Jefferson* barred the claim outside the scope of worker's compensation because there was an attachment to the release that went beyond the standard language of the release which demonstrated an intent to release that claim, and there was no extrinsic evidence countering that intent. *Id.* at 376. Because in this case the CR contains only the standard language with no further attachments, the general rule of the release barring claims within the worker's compensation system applies.

A claim is within the scope of the worker's compensation system when it arises from the course of employment and the statutory conditions for compensation are met. *Claxton*, 34 Cal.4th at 372-373. However, claims arising from conduct "contrary to fundamental public policy" are not subject to exclusivity requirements and may be subject to both worker's compensation actions and other civil actions. *Id.* Given that Plaintiff's claims are grounded in her allegations of discrimination on the basis of disability, the public policy concerns of her claims coupled with the need to protect the interests of workers signing releases, the CR does not bar Plaintiff's claims and the Defendants' motion to dismiss all twelve causes of action based on the CR is denied.

      ii.   *Failure to Provide Uninterrupted Meal and Rest Breaks and Failure to Pay Regular and Overtime Wages*

Defendants argue that Plaintiff has failed to state claims for Failure to Provide Uninterrupted Meal and Rest Breaks and Failure to Pay Regular and Overtime Wages, as Plaintiff has not alleged specific instances of being denied meal and rest breaks and overtime pay. (Motion at 14, 16). In making a claim of unpaid overtime, the plaintiff must, at minimum, allege working over forty hours in a workweek and that there was no overtime

compensation within that workweek. *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014) (finding that because the plaintiff did not allege any specific instance that would show at least one workweek of not being paid overtime, the plaintiff failed to state a plausible claim). Similarly, a plaintiff must allege some facts in making a claim of a denial of meal and rest breaks. *Guerrero v. Haliburton Energy Services, Inc.*, 231 F.Supp.3d 797, 805 (E.D. Cal. 2017) (finding that alleging denial of meal and rest breaks without specific facts and details was conclusory and fell short of plausibly stating a claim).

Like in both *Landers* and *Guerrero*, Plaintiff does not allege specific facts or instances in which she was denied meal breaks, rest breaks, or overtime. Further, Plaintiff points to no authority in arguing that the claim is sufficiently pled, arguing only that breaks and overtime pay were denied on multiple occasions and those denials, taken as true, would entitle Plaintiff to relief. (Response at 9-10). Therefore, because there must be some facts alleged in asserting these claims, Defendants' motion to dismiss the claims of Failure to Provide Uninterrupted Meal and Rest Breaks and Failure to Pay Regular and Overtime Wages is granted without prejudice.

      *iii.   Failure to Provide Accurate Itemized Wage Statements*

Defendants argue that Plaintiff's cause of action for Failure to Provide Accurate Itemized Wage Statements is time barred by the statute of limitations. (Motion at 16). Plaintiff agrees that pursuant to California Code of Civil Procedure § 340(a), the claims for statutory penalties are barred for being outside the one-year statute of limitations. (Response at 9). However, Plaintiff argues that pursuant to California Labor Code § 226(e), which provides that the plaintiff may seek "the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period", the claim for actual damages is not barred. (*Id.* at 9-10).

Defendants concede that a claim for actual damages would not be barred. (Reply at 8). However, they argue that the claim should still be dismissed because Plaintiff has not

alleged any actual damages. (*Id.*) Because the complaint alleges only that Plaintiff is entitled to recover the statutory penalties under California Labor Code §226(e) and does not allege actual damages, the Defendant's motion to dismiss the claim of Failure to Provide Accurate Itemized Wage Statements is granted without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion is **granted in part and denied in part**. Accordingly,

(1) Defendants' Motion to Dismiss the Complaint in its entirety is **DENIED**;

(2) Defendants' Motion to Dismiss the Ninth Cause of Action for Failure to Provide Uninterrupted Meal and Rest Breaks and Tenth Cause of Action for Failure to Pay Regular and Overtime Wages is **GRANTED**; and,

(3) Defendants' Motion to Dismiss the Eleventh Cause of Action for Failure to Provide Accurate Itemized Wage Statements is **GRANTED**.

(4) If Plaintiff wishes to amend the Complaint to cure the deficiencies noted, Plaintiff shall file an Amended Complaint no later than thirty (30) days from the filing date of this Order. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. See S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

///
///
///
///
///

If Plaintiff does not file an Amended Complaint within thirty days from the filing of this Order, then this action will proceed without the dismissed claims.

**IT IS SO ORDERED.**

DATED: July 14, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE