# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVA LEWIS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CORECIVIC OF TENNESSEE, LLC, a Tennessee limited liability company doing business in state of California; CORECIVIC, LLC, a Delaware limited liability company doing business in the state of California; CORECIVIC, INC., a Maryland corporation doing business in the state of California; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:21-cv-01385-JAH-BGS<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**<br><br>**[ECF 16]** |

The parties' Joint Motion for entry of the following stipulated Protective Order is **GRANTED** as follows.[1]

**IT IS HEREBY STIPULATED** by and between Plaintiff Marva Lewis ("Plaintiff") and defendants CoreCivic of Tennessee, LLC, CoreCivic, LLC and CoreCivic, Inc. (collectively "Defendant") (hereinafter referred to individually as "Plaintiff" or Defendant" and collectively as the "Parties"), as follows:

---

[1] The only modification to the parties' proposed language is the clarification in footnote two.

In order to facilitate the exchange of information and documents, which may be confidential for competitive reasons and/or privacy protected under federal and/or state laws, the Parties have agreed to be bound by the terms of this Stipulated Protective Order ("Order").

The materials to be exchanged throughout the course of the litigation between the parties may contain information protected from disclosure by the right to privacy set forth in Article I, Section 1 of the California Constitution and/or trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but will not be limited to: documents, including but not limited to medical records; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; PowerPoint slides, compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other

writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Schumacher PC and Gleason & Favarote, LLP. Counsel also includes in-house attorneys for Defendant.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, deposition testimony, and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party or to the privacy rights of such party.

5. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings.

///

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court

                     reporter, and the person(s) agreed upon pursuant to paragraph 7 below; and

      c.     the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6.     All confidential information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

7.     Information designated "confidential" shall be permitted only to the following:

      a)     The Court;

      b)     Counsel identified in paragraph 3, including their affiliated attorneys, paralegals, secretarial and clerical staff

      c)     Executives who are required to participate in policy decisions with reference to this action;

      d)     Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

      e)     Stenographic and clerical employees associated with the individuals identified above;

      f)     Any deposition, trial or hearing witness who previously had access to the "confidential" information, or who is currently or

      was previously an officer, director, partner, member, employee or agent of an entity that has had access to the "confidential" information;

  g) Mock jury participants, provided, however, that prior to the disclosure of "confidential" information to any such mock jury participant, counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

  h) Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with this matter, whether or not retained to testify at any oral hearing; provided, however, that prior to the disclosure of "confidential" information to any such expert or expert consultant, counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

  i) Mediators;

  j) Plaintiff and representatives of Defendant; and

  k) Any other person that the Designating Party agrees to in writing.

  8. With respect to material designated "CONFIDENTIAL" any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

  9. All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in

paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

10. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

11. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

12. If an application to file a document under seal is granted by Judge Skomal, a redacted version of the document shall be e-filed. A courtesy copy of the unredacted document shall be delivered to Judge Skomal's chambers.

13. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. In the event Counsel for the Designating Party does not agree to withdraw its claim of Confidentiality, Counsel for the Designating Party shall have sixty (60) days from receipt of the notice in which to seek a further

protective order from the Court with respect to the information at issue.[2] The burden shall be on the Designating Party to justify the designation of the information as "Confidential." All challenged information for which a protective order is not sought within this sixty (60)-day period shall thereafter not be accorded "Confidential" treatment under the terms of this Protective Order, unless and until otherwise ordered by the Court. This sixty (60)-day period may be reduced or extended by Court Order or by written stipulation of Counsel. The "Confidential" status of the information at issue shall be maintained until final ruling by the Court on any application for protective order, the Court has ruled on the objection, or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. Any Party who inadvertently fails to identify information as "Confidential" shall have ten business (10) days from the date of discovery of the

---

[2] The parties must comply with the procedures in Judge Skomal's Chambers Rules, including Rules V.B-C., to timely raise any discovery dispute that arises, including disputes regarding confidentiality designations.

oversight to correct such failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced information. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure the information is treated in accordance with the provisions of this Protective Order. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

17. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the

option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. Upon *ex parte* motion by either party for an order authorizing the destruction or return of any confidential documents in the Court's possession, the Court will destroy or return any confidential documents in its possession within 10 calendar days of the order.

23. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

24. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

25. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

26. Without a separate court order, the Order and the Parties' stipulation does not change, amend, or circumvent any court rule or local rule.

27. This Order may be modified by agreement of the Parties, subject to approval by the Court.

28. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED.**

DATED: JANUARY 27, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge

# EXHIBIT A

# EXHIBIT A
## CERTIFICATE RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential information supplied in connection with the proceeding entitled <u>Marva Lewis v. CoreCivic of Tennessee LLC</u>, United States District Court – Southern District Case No. 3:21-cv-01385-JAH-BGS.  I certify that I understand that the Confidential information is provided to me subject to the terms and restrictions of the Stipulated Protective Order entered in this Proceeding.  I have been given a copy of the Stipulated Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential information, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Stipulated Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential information obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential information provided to me in the proceeding in a secure manner, and that all copies of such Information is to remain in my personal custody until termination of my participation in this proceeding, whereupon the copies of such Information will be returned to counsel  who provided me with such Information.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this ___ day of _____, 20__, at _____.

DATED:_____ BY: _____
Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number