UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marva LEWIS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No.:  21-cv-01385-JAH-BGS<br><br>**ORDER ON JOINT DISCOVERY MOTION**<br><br>**[ECF 23]** |

## I.    INTRODUCTION

On February 14, 2023, the parties contacted the Court with a discovery dispute involving Plaintiff's Notice of a Federal Rule of Civil Procedure 30(b)(6)[1] Deposition to

---

[1] Rule 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify . . . . The persons designated must testify about information known or reasonably available to the organization. . . .

1  which Defendant had objected.  (ECF 23 at 2.[2])  Topic 14 of the Notice requests a Rule
2  30(b)(6) witness on the issue of:  "Any and all vacant or unassigned positions at
3  Defendant's Boston Avenue, Oceanview, and OMDC facilities in 2019."  Following the
4  telephonic discovery conference, the Court ordered that the parties file a joint brief
5  addressing the issue.  (ECF 22.)  On February 21, 2023, Plaintiff and Defendant filed the
6  joint brief.  (ECF 21.)

**II.    PARTIES' ARGUMENTS**

Plaintiff argues the requested the discovery is necessary for her "to establish claims No. 5 (Failure to Provide Reasonable Accommodation in Violation of . . . [California Employment and Housing Authority (FEHA), Cal. Gov't Code § 12940(m)]) and No. 6 (Failure to Engage in the Interactive Process in Violation of FEHA[, Cal. Gov't Code § 12940(n)])" in her Complaint.  (ECF 23 at 2.)  Specifically, she argues that "[i]f there were vacant or unassigned positions at Defendant's Boston Avenue, Oceanview, and OMDC facilities in 2019, then Defendant was obliged to evaluate them as part of the reasonable accommodation/interactive process to accommodate Plaintiff's disability."  (*Id.*)

Defendant counters that vacant positions with Defendant during 2019 are "irrelevant to Plaintiff's claims," "not proportional to the needs of the case," and "grossly overbroad" because "Plaintiff was on leave and unable to work from April 22, 2019 to October 21, 2019 and was not terminated until November 4, 2019."  (ECF 23 at 3.)  Defendant argues that "Topic 14 is irrelevant because Plaintiff does not plead that she ever told Defendant that she would be returning to work with or without a disability."  (*Id.*)  "Without informing Defendant she would return to work with a disability and/or with work restrictions due to a disability, Defendant had no obligation to accommodate

---

Fed. R. Civ. P. 30(b)(6).
[2] The Court's page citations are to the CM/ECF electronic pagination unless otherwise indicated.

nonetheless skip numerous steps of the accommodation process and go straight to looking for other open positions." (*Id.*)  Defendant notes, "An employer's obligation to provide any accommodation is triggered when the employee makes the limitations of her disability known to the employer." (*Id.*)  Finally, Defendant notes that an employer "has no duty to accommodate by way of reassignment to a different position if the restructuring of her current job provided a reasonable accommodation." (ECF 23 at 4.) Defendant points out that Plaintiff does not plead that she could not perform the essential functions of her position or that she could not have been accommodated in her position. (*Id.*)

## III.  LEGAL STANDARDS

### A. Discovery

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"District courts have broad discretion in controlling discovery" and "in determining relevancy." *Laub v. Horbaczewski*, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (citing *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012)).

### B. FEHA

"Under the FEHA it is an unlawful employment practice for an employer 'to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee.'" *Spitzer v. The Good Guys, Inc.*, 80 Cal. App. 4th 1376 (2000) (quoting Cal. Gov't Code § 12940(m)(1)). "The essential elements of a failure to

accommodate claim are: (1) the plaintiff has a disability covered by the FEHA; (2) the plaintiff is a qualified individual (i.e., he or she can perform the essential functions of the position); and (3) the employer failed to reasonably accommodate the plaintiff's disability." *Cuiellette v. City of Los Angeles*, 194 Cal. App. 4th 757, 766 (2011). "An employer or other covered entity has an affirmative duty to make reasonable accommodation(s) for the disability of any individual applicant or employee if the employer or other covered entity knows of the disability, unless the employer or other covered entity can demonstrate, after engaging in the interactive process, that the accommodation would impose an undue hardship." Cal. Code Regs. tit. 2, § 11068(a). "However, the employee does not bear the burden of initiating the interactive process where the employer is aware of or recognizes the employee's need for accommodation, or if the need for accommodation is obvious." *Stoll v. The Hartford*, No. 05CV1907 IEG (LSP), 2006 WL 3955826, at *5 (S.D. Cal. 2006) (internal quotation marks omitted) (citing *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001) (awareness); *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000), *rev'd on other grounds sub nom. US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) (recognition); and *Norris v. Allied-Sysco Food Servs., Inc.*, 948 F. Supp. 1418, 1436 (1996) (obviousness)).

"Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the . . . [FEHA] to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1097 (E.D. Cal. 2017). "'The interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees, and neither side can delay or obstruct the process.'" *Id.* (quoting *Humphrey*, 239 F.3d at 1137). "Employers, who fail to engage in the interactive process in good faith, face liability for the remedies imposed by the statute if a reasonable accommodation would have been possible." *Id.* (quoting *Humphrey*, 239 F.3d at 1137).

The interactive process imposes burdens on both the employer and employee. The employee must initiate the process unless the disability and resulting limitations are obvious. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1188 (9th Cir. 2001). The employee must communicate, "in a manner that would be understood by a reasonable employer, that the employee has a disability that requires some sort of accommodation in order for the employee to be able to perform [her] work duties." *Norris v. Allied-Sysco Food Servs., Inc.*, 948 F. Supp. 1418, 1437 (N.D. Cal. 1996), *aff'd sub nom. Norris v. Sysco Corp.*, 191 F.3d 1043 (9th Cir. 1999). The employee must "specifically identify the disability and resulting limitations, and . . . suggest the reasonable accommodations." *Taylor v. Principal Fin. Grp.*, 93 F.3d 155, 165 (5th Cir. 1996); *see also Scotch v. Art Inst. of Cal.-Orange Cty., Inc.*, 173 Cal. App. 4th 986, 1013 (2009).

## IV. DISCUSSION

### A. Relevance

Turning to the fifth cause of action in Plaintiff's complaint, violation of the FEHA for failure to provide reasonable accommodation in violation of California Government Code § 12940(m) (ECF 1 at 15), Plaintiff alleges in relevant part, "At all times relevant herein, Plaintiff was perceived and/or regarded by Defendant as having a disability as defined under the FEHA" and "Defendant failed and refused to ascertain the availability or feasibility of potential reasonable accommodations to Plaintiff as required by law, and instead terminated Plaintiff's employment in violation of the FEHA." (Compl. ¶¶ 78, 80; *see also* ECF 1 at 16.)

The Sixth Cause of Action in Plaintiff's complaint, a second violation of FEHA, for failure to engage in the interactive process," alleges, "At all times relevant herein, Plaintiff was perceived and/or regarded by Defendant as having a disability as defined under the FEHA"; "Plaintiff gave notice to Defendant that she had a disability/medical condition and required reasonable accommodations, including without limitation, taking reasonable and finite time off work to receive treatments and to heal from the symptoms associated with her disability"; "At no time did Defendant engage in a timely, good faith,

interactive process with Plaintiff to determine whether her disability would affect the performance of the essential functions of her job or whether reasonable accommodations would allow Plaintiff to perform the essential functions of her job in spite of her disability" and that "Rather than engage in a good faith interactive process to ascertain reasonable accommodations that would enable Plaintiff to return to work, Defendant terminated her employment." (Compl. ¶¶ 91, 93, 94, & 96.)

Plaintiff's allegations, in short, allege that Defendant knew Plaintiff was disabled and made no accommodation at all. Although Defendant would have no duty to accommodate by way of reassignment to a different position if the restructuring of Plaintiff's current job provided a reasonable accommodation, *see Spitzer*, 80 Cal. App. 4th at 1386, Plaintiff alleges that Defendant failed to make any reasonable accommodation at all, even including restructuring her then-current position. In Plaintiff's complaint, at least two legal theories for this claim—failure to restructure Plaintiff's then-current job and failure to assign to a different position—are on the table. As a result, the vacant or unassigned positions at the three named facilities are relevant to her fifth and sixth causes of action.

Further, "To prevail at trial on a claim for failure to engage in the interactive process, an employee 'must identify a reasonable accommodation that would have been available at the time the interactive process should have occurred—i.e., the accommodation that the interactive process should have produced.'" *Carballo v. Barr*, 690 F. App'x 1006, 1008-09 (2017) (*quoting Scotch*, 173 Cal. App. 4th at 1018). Plaintiff's "failure to engage claim," then, will require that she prove there would have been a reasonable accommodation available at the time the interactive process should have occurred that the interactive process would have produced. *See id.* Thus, the vacant or unassigned positions at the three named facilities are relevant to Plaintiff proving her sixth cause of action.

Defendant argues that "Topic 14 is irrelevant because Plaintiff does not plead that she ever told Defendant that she would be returning to work with or without a disability."

(ECF 23 at 8.) "Without informing Defendant she would return to work with a disability and/or with work restrictions due to a disability, Defendant had no obligation to accommodate nonetheless skip numerous steps of the accommodation process and go straight to looking for other open positions." (*Id.*) Defendant notes, "An employer's obligation to provide any accommodation is triggered when the employee makes the limitations of her disability known to the employer." (*Id.*)

On April 23, 2019, Plaintiff's doctor recommended she take a leave of absence until further notice. (Compl. ¶ 17; *see also* ECF 1 at 5.) Plaintiff had complained of stress-induced psychological trauma. (Compl. ¶ 13; *see also* ECF 1 at 4.) Defendant granted her medical leave from April 22, 2019, to October 21, 2019. (Compl. ¶¶ 15, 24; *see also* ECF 1 at 5, 6.) Plaintiff submitted paperwork which indicated she could return to regular and customary work on October 21, 2019.

The issue presents as to whether Defendant was on notice of her disability to the extent that the interactive process was triggered, and Defendant was obligated to investigate vacant positions. Plaintiff gave notice to Defendant that she had a disability/medical condition and required reasonable accommodations, including without limitation, taking reasonable and finite time off work to receive treatments and to heal from the symptoms associated with her disability. (Compl. ¶ 93; *see also* ECF 1 at 5.)

Even where the employer believes it has reasonably accommodated the employee by offering a period of disability leave, the employer is not exempt from investigating other accommodations (including other job vacancies), although the employee has not specifically requested those alternative accommodations. *Stoll v. The Hartford*, No. 05CV1907 IEG (LSP), 2006 WL 3955826, at *7 (S.D. Cal. Nov. 7, 2006) (citing *Prilliman v. United Air Lines, Inc.*, 53 Cal. App. 4th 935, 954 (1997). More broadly, whenever the employer knows of an employee's disability, the employer "has an affirmative duty to make known to the employee other suitable job opportunities with the employer and to determine whether the employee is interested in, and qualified for, those

positions[.]" *Stoll*, No. 2006 WL 3955826, at *9 (citing *Prilliman,* 53 Cal. App. 4th at 950-51).

The Court therefore finds that for purposes of discovery the interactive process was triggered to the extent that Plaintiff is allowed discovery of job vacancies. Defendant's objections are best suited for a motion for summary judgment.

Defendant also argues that Plaintiff has not pled or asserted the legal theory that she could not perform the essential functions of her position or that she could not have been accommodated in her position. Respondent would have no duty to accommodate by way of reassignment to a different position if the restructuring of her current job provided a reasonable accommodation. *Spitzer*, 80 Cal. App. 4th at 1386. However, there is nothing presented that Defendant offered to restructure her position such that it provided a reasonable accommodation. And Plaintiff has alleged that Defendant made no accommodation at all.

**B. Proportionality**

Defendant also argues that Plaintiffs request for "[a]ny and all vacant or unassigned positions at Defendant's Boston Avenue, Oceanview, and OMDC facilities in 2019" is "not proportional to the needs of the case" and "grossly overbroad." (ECF 23 at 3.) Defendant argues that Plaintiff "was on leave and unable to work from April 22, 2019 to October 21, 2019 and was not terminated until November 4, 2019." (*Id.*)

Plaintiff has claimed Defendant failed to engage in the interactive process. Searching for alternative reassignments is encompassed by the interactive process. For discovery purposes the Court finds Topic 14 is relevant to this claim. However, the Court finds the date range of Topic 14 is overly broad. Defendant accommodated Plaintiff with a leave of absence from April 22, 2019, to October 21, 2019. A finite leave of absence is a reasonable accommodation under FEHA, "provided it is likely that at the end of the leave, the employee would be able to perform his or her duties." *Hanson v. Lucky Stores, Inc.,* 74 Cal. App. 4th 215, 226 (Cal. Ct. App. 1999). Given this leave of absence, the Court finds that to the extent Defendant had a duty to search for

reassignments, that duty began from August 21, 2019, to Plaintiff's termination on November 4, 2019.

## V.   CONCLUSION

Defendant shall produce a witness responsive to Topic 14 of Plaintiff's Notice of Deposition under Rule 30(b)(6).

**IT IS SO ORDERED**.

Dated:  March 15, 2023

_____
Hon. Bernard G. Skomal
United States Magistrate Judge

9

21-cv-01385-JAH-BGS