UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marva LEWIS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, *et al.*,<br><br>　　　　　　　　　　Defendant. | Case No.: 21-cv-01385-JAH-BGS<br><br>**ORDER FOR PLAINTIFF TO SUBMIT TO A MENTAL EXAMINATION UNDER FRCP 35(a)**<br><br>**[ECF 32]** |

CoreCivic of Tennessee, LLC, et al., Defendant, moves the Court to order Marva Lewis, Plaintiff, to submit to an independent mental examination (IME) in this case under Federal Rule of Civil Procedure 35. (*See* ECF 32.) Specifically at issue is whether Plaintiff's claims for emotional distress damages[1] have put her mental condition in controversy under Rule 35, or whether, instead, her claims seek merely garden-variety emotional distress damages. *See Turner v. Imperial Stores*, 161 F.R.D. 89, 97 (S.D. Cal. 1995) ("To establish that the other party's mental condition is in controversy within the meaning of Rule 35, the moving party must show more than that the party in question has

---

[1] Plaintiff's complaint seeks "general, special, compensatory, actual, and liquidated damages in amounts to be proven at trial." (ECF 1 at 27.) Plaintiff's initial disclosure relating to computation of her damages states that "[c]ompensatory damages caused by [her] loss of employment [includes] damages for emotional distress, humiliation, and embarrassment." (ECF 33 at 53.)

1

brought a garden-variety claim for damages for emotional distress." (internal quotation marks omitted)).

## I. BACKGROUND

On April 25, 2023, the parties contacted Magistrate Judge Skomal's Chambers after Plaintiff's counsel refused to stipulate to an IME of Plaintiff. (ECF 30.) On April 28, 2023, the Court held a telephonic discovery conference about the issue. (ECF 31.) After the conference, the Court ordered that the parties file a joint brief addressing "whether under Rule 35, Plaintiff's mental or physical condition [was] in controversy such that she may be ordered to submit to a physical or mental examination." (ECF 32.) On May 12, 2023, the parties filed a joint motion. (ECF 33.)

## II. LEGAL STANDARDS

Under Rule 35, for good cause shown, a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1)-(2). In *Turner v. Imperial Stores*, the court compared the heightened standard the party seeking an IME must satisfy to the lower standard a party must satisfy when seeking other discovery.[2] *Turner*, 161 F.R.D. at 91. The court explained that "unlike the rules pertaining to the permissible scope of other forms of discovery such as interrogatories and production of documents, . . . Rule 35 contains a restriction that the matter be in controversy, and also requires that the movant affirmatively demonstrate good cause." *Id.* (internal quotation

---

[2] Although *Turner* involved a prior version of Federal Rule of Civil Procedure 26, the current version of Rule 26 is also broader than the standard appliable to an IME under Rule 35. Rule 26 now provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

marks omitted). "Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of in controversy and good cause." *Id.* (internal quotation marks omitted). Defendant has the burden to show that Plaintiff's mental condition is "in controversy" and that there exists "good cause" for this Court to order an independent medical examination. *Nguyen v. Qualcomm Inc.*, No. 09-1925-MMA (WVG), 2013 WL 3353840, at *2 (S.D. Cal. July 3, 2013). Rule 35 is to be "construed liberally to allow the examination." *Hongwei Zhang v. United Technologies Corp.*, No. 10cv0660 DMS (MDD), 2011 WL 3890262, at *1 (S.D. Cal. Sept. 2, 2011).

As the court discussed in *Ruhlmann v. Ulster County Department of Social Services*, many Rule 35 decisions have turned on whether "significant emotional harm is alleged or the mental condition is at the heart of the litigation, . . . [or whether the] claim [is] for 'garden-variety' emotional distress damages." *Ruhlmann v. Ulster Cty. Dept. of Social Servs*, 194 F.R.D. 445, 449 (N.D.N.Y. 2000) (quoting Webster's New World Dictionary 656 (3d College ed. 1988) ("'Garden-variety' means ordinary or commonplace. Garden-variety emotional distress, therefore, is ordinary or commonplace emotional distress. Garden-variety emotional distress is that which is simple or usual. In contrast, emotional distress that is not garden-variety may be complex, such as that resulting in a specific psychiatric disorder, or may be unusual, such as to disable one from working.")).

In *Turner*, a court in this district, "unwilling to set a precedent requiring a party to undergo an IME merely because the party claims damages for emotional distress in her complaint," held that the plaintiff had "not placed her mental condition 'in controversy' within the meaning of Rule 35(a) of the Federal Rules of Civil Procedure merely by claiming damages for humiliation, mental anguish, and emotional distress." *Turner*, 161 F.R.D. at 98. The court examined decisions from other circuits, and then synthesized them to conclude the following:

> courts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

*Id.* at 95; s*ee also Smith v. Alameda Cty. Pub. Defender*, No. 20-cv-08534-JST (KAW), 2022 WL 16698688, at *1 (N.D. Cal. Nov. 3, 2022) (applying *Turner*); *Estate of Alvarado*, No. 13CV1202-W (JMA), 2015 WL 13375766, *2 (S.D. Cal. Feb. 4, 2015) (same); *Redon v. Ruiz*, No. 13cv1765-WQH(KSC), 2015 WL 13238642, * 2 (S.D. Cal. Dec. 4, 2015) (same).

### III.   ANALYSIS

Plaintiff asserts twelve claims in her complaint. (*See* ECF 1.) She seeks "general, special, compensatory, actual, and liquidated damages in amounts to be proven at trial." (ECF 1 at 27.) She alleges that while working for Defendant, she was "hospitalized by ambulance during one of her shifts and was later diagnosed with stress-induced psychological trauma and severe gastrointestinal inflammation." (ECF 1 at 4; Compl. ¶ 13.) She alleges that "[o]ver the next twelve months [after the incident], her condition grew worse and she began having trouble controlling her bowels, including while she was working." (*Id.*) In response to Defendant's Interrogatory 1, Plaintiff identifies injuries she attributes to her employment with Defendant and the termination of her employment with Defendant as "undue shame, embarrassment, humiliation, depression, anxiety, temporary homelessness, loss of self-confidence, inability to sleep at night, irritability, lethargy, loss of faith in employers to act in good faith, hopelessness, mood swings, loss of earning potential, damage to professional reputation, and loss of professional advancement opportunities." (ECF 33 at 17-18.) Plaintiff also references her

Interrogatory 1 response in response to Interrogatory 10, which asks her to identify damages attributed to just her termination. (*Id.* at 23-24.)

### A. "In Controversy"

The Court concludes that Plaintiff's alleged injuries are not garden-variety emotional distress and instead, that she has alleged significant emotional harm and that her mental condition is "at the heart of the litigation." *See Ruhlman v. Ulster Cty. Dept. of Soc. Servs.*, 194 F.R.D. 445, 449 (2000). *See also Dornell v. San Mateo*, No. 12-cv-06065 CRB (KAW), 2013 WL 5443036, at *4 (N.D. Cal. Sept. 30, 2013) (claim for continuing emotional distress resulting in anxiety, high blood pressure, chest pain, sleeplessness, weight gain, inability to focus and loss of interest in daily life activities and hobbies, was not "garden-variety" emotional distress); *K. Oliver v. Microsoft Corp.*, No. 12-cv-00943 RS (LB), 2013 WL 3855651, at *2 (N.D. Cal. July 24, 2013) (claim for extreme anguish, humiliation, emotional distress, physical distress, increased risk of reoccurrence in breast cancer, and physical injuries resulting from stress was not "garden variety"); *Tamburri v. SunTrust Mortgage Inc.*, No. 11-cv-02899 JST (DMR), 2013 WL 942499, at *3-4 (N.D. Cal. Mar. 11, 2013) (alleged suicidal ideation, paranoia, chest pains, blinding and debilitating headaches that are "frightening in their intensity," multiple cracked teeth from jaw grinding, and loss of mental clarity constitute severe symptoms and not "garden-variety"); *Ayat v. Societe Air France*, No. 06-cv-1574 JSW (JL), 2007 WL 1120358, at *4 (N.D. Cal. Apr. 16, 2007) (claim of loss of past and future earning capacity, fear and terror, emotional distress, discomfort, anxiety, loss of enjoyment of life, past and future pain and suffering, depression, post-traumatic stress disorder, and the loss of ability to lead a normal and enjoyable life seemed to indicate severe emotional distress).

The Court also concludes that this case involves at least two of the five *Turner* factors, each one of which signifies that an individual's mental condition is in controversy under Rule 35. The second *Turner* factor is that a case involves an allegation of a specific mental or psychiatric injury or disorder. *Turner*, 161 F.R.D. at 95.

  Here, before Plaintiff's employment was terminated, she suffered from an emotional condition for which she had been taking medications and received therapy. (ECF 33 at 36.)  Beginning in April 2019, Plaintiff was put on leave specifically because of emotional distress. (*Id.* 33 at 35.)  She was under the care of a psychologist at Psychiatric Centers of San Diego. (*Id.* at 33-34.)  While on leave, she took medications for emotional distress and underwent mental health therapy. (*Id.* at 36.)  Plaintiff's response to Interrogatory 10, that her emotional distress injuries identified in Interrogatory 1 were attributed to her termination, includes the injuries of "undue shame, embarrassment, humiliation, depression, anxiety, temporary homelessness, loss of self-confidence, inability to sleep at night, irritability, lethargy, loss of faith in employers to act in good faith, hopelessness, mood swings, loss of earning potential, damage to professional reputation, and loss of professional advancement opportunities." (*Id.* at 17-18, 23-24.)  When she asked whether she could attribute additional emotional distress to her termination, Plaintiff responded, "You got two days?" (*Id.* at 39.)

  Before her employment was terminated, Plaintiff suffered a mental condition severe enough to disable her from working, which was aggravated by her termination to include the injuries she has alleged in her responses to Interrogatories 1 and 10.  Because the damages Plaintiff seeks involve the aggravation allegation of a "specific mental or psychiatric injury or disorder," *see Turner*, 161 F.R.D. at 95, Plaintiff's emotional distress allegation meets the second *Turner* factor.  *See also Ruhlmann v. Ulster Cnty. Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 (N.D.N.Y. 2000) (stating that emotional distress that is not garden-variety may be complex, such as that resulting in a specific psychiatric disorder, or may be unusual, such as to disable one from working).

  The third *Turner* factor is that a case involves a claim of unusually severe emotional distress. *Turner*, 161 F.R.D. at 95.  The Court also concludes that the emotional distress injuries Plaintiff attributes to her termination present unusually severe emotional distress under the third *Turner* factor. *See Nguyen v. Qualcomm Inc.*, No. CIV. 09-1925-MMA WVG, 2013 WL 3353840, at *4 (S.D. Cal. July 3, 2013) (holding that the

plaintiff had alleged a claim of unusually severe emotional distress by emphasizing the severity of her mental condition throughout the complaint, specifically stating that the defendant caused her "severe emotional distress," explaining that her condition was so severe as to cause numbness to the left side of her body, and contending that she suffered from depression, fear, insomnia, and flashbacks).

Interrogatory 2 asks Plaintiff to "identify medical provider(s) who advised her that she may require future treatment for injuries attributed to her termination." (ECF 33 at 18.) Plaintiff identified five. (*Id.* at 19.) Defendant proffers that at her March 15, 2023, deposition, Plaintiff testified she had suffered severe emotional distress just two months prior that had resulted from her 2019 employment termination with Defendant. (*Id.* at 4). *See Dornell v. San Mateo*, No. CV1206065CRBKAW, 2013 WL 5443036, at *4 (N.D. Cal. Sept. 30, 2013) (holding that under the third *Turner* factor, despite the absence of an individual emotional distress cause of action, the plaintiff had put her mental state in controversy by alleging continuing harm).

In sum, Plaintiff has placed her mental condition in controversy within the meaning of Rule 35(a). The Court concludes that the specific emotional distress injuries Plaintiff identifies in her response to Interrogatory 1 are not garden-variety and are, instead, more akin to severe emotional distress injuries. Plaintiff's complaint and interrogatory responses indicate that she suffers from psychiatric injuries and unusually severe emotional distress because of Defendant terminating her employment.

**B. Good Cause**

Factors courts have considered in assessing whether "good cause" exists under Rule 35 include 1) the possibility of obtaining desired information by other means, 2) whether a plaintiff plans to prove a claim through testimony of expert witnesses, 3) whether the desired materials are relevant, and 4) whether plaintiff is claiming ongoing emotional distress. *Juarez v. Autozone Stores, Inc.*, No. 08cv417-L (BLM), 2011 WL 1532070, at *1 (S.D. Cal. 2011); *Impey v. Office Depot, Inc.*, No. C-09-01973 EDL, 2010 WL 2985071, at *21 (N.D. Cal. 2010). "Where the average lay person would have

difficulty evaluating the nature, extent, and cause of the claimant's injuries, there is good cause for an independent medical evaluation." *Neumeyer v. Wawanesa Gen. Ins. Co.*, No. 14CV0181 MMA(RBB), 2015 WL 11711827, at *7 (S.D. Cal. May 11, 2015) (citing *EEOC v. Maha Prabhu, Inc.*, No. 3:07-CV-111-RJC, 2008 WL 2559417, at *6 (W.D.N.C. June 23, 2008). Moreover, when a plaintiff has put mental condition squarely in controversy and has alleged continuing emotional distress because of a defendant's action, courts frequently merge the "in controversy" and "good cause" requirements and order the IME. *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 165 (N.D. Cal. 2013). *See Ragge v. MCA/Universal*, 165 F.R.D. 605, 609 (C.D. Cal. 1995) ("By claiming ongoing psychiatric harm caused by the [defendant,] . . . the plaintiff has placed his mental state in controversy, which in turn constitutes good cause for ordering a psychiatric examination").

It is uncontested that a mental examination is relevant to Plaintiff's injuries. Plaintiff mainly argues the information Defendant seeks can be acquired by other means. Plaintiff was ordered to a have qualified/independent medical examination as part of her worker's compensation claim. She argues the examination covered the same psychological conditions that are subject of this motion.

It is within the Court's discretion to determine whether to order an IME. *See Nguyen v. Qualcomm Inc.*, No. CIV. 09-1925-MMA WVG, 2013 WL 3353840, at *4 (S.D. Cal. July 3, 2013). The Court concludes that Defendant's efforts to obtain the relevant information should not be limited to preexisting records from the worker's compensation claim. Defendant is entitled to conduct a psychiatric evaluation of Plaintiff to adequately defend the case. *See Neumeyer v. Wawanesa Gen. Ins. Co.*, No. 14CV0181 MMA(RBB), 2015 WL 11711827, at *7 (S.D. Cal. May 11, 2015). An IME is necessary to afford Defendant an opportunity to ascertain the exact duration of Plaintiff's alleged emotional injuries, and the extent to which Defendant's actions may have caused Plaintiff's injuries. An IME will also enable Defendant to determine the nature, amount, and extent of Plaintiff's claimed damages. Furthermore, regarding whether Plaintiff has

claimed ongoing emotional distress, as stated, in Interrogatory 2, Plaintiff identifies five medical providers who have advised that she may require future treatment, and Defendant proffers that at her March 15, 2023, deposition, Plaintiff testified she had suffered severe emotional distress just two months prior that resulted from her 2019 employment termination with Defendant.  (ECF 33 at 4.)  This weighs in favor of a finding of good cause.

## IV.   CONCLUSION

Under Rule 35, Plaintiff's mental condition is in controversy and there is good cause to order that she submit to a mental examination by a suitably licensed or certified examiner.  *See* Fed. R. Civ. P. 35(a)(1)-(2).  Defendant shall have the IME completed by **June 30, 2023**.  The Court extends the parties' May 26, 2023, expert disclosure deadline with respect to an expert report related to the IME only to **July 7, 2023**.  A party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) related to an IME expert report only by **July 21, 2023**.  The expert discovery deadline related to the IME only shall be extended to **July 28, 2023**.  All other dates in the scheduling order remain in effect.

**IT IS SO ORDERED**.

Dated:  June 2, 2023

_____
Hon. Bernard G. Skomal
United States Magistrate Judge