UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marva LEWIS,<br><br>                                    Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, *et al.*,<br><br>                                    Defendant. | Case No.: 21-cv-01385-JAH-BGS<br><br>**ORDER**<br><br>**[ECF 36]** |

      On June 5, 2023, the parties contacted the Court with a discovery dispute regarding a proposed errata to the March 15, 2023, deposition of Marva Lewis, Plaintiff.  (ECF 35.)  After discussing the issue with the parties telephonically, the Court ordered that the parties file a joint brief with the Court addressing the issue.  (*Id.*)

      Federal Rule of Civil Procedure 30(e) provides that if requested by a deponent or by a party before completion of a deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording, and if there are changes in form or substance, to sign a statement reciting such changes and the reasons for the deponent making them.  Fed. R. Civ. P. 30(e)(1).  After review by the witness and indication of any changes made, the deposition transcript or recording is certified and delivered.  *See* Fed. R. Civ. P. 30(f)(1).  The officer's certificate prescribed by subdivision (f)(1) shall note whether a review was

requested, and if so, shall append any changes made by the deponent during the period allowed. Fed. R. Civ. P. 30(e)(2).

Rule 30(e) is to be used for corrective, and not contradictory, changes. *Hambleton Bros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217, 1226 (9th Cir. 2005). "The Rule cannot be interpreted to allow one to alter what was said under oath." *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002). "If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses." *Id.* "A deposition is not a take home examination." *Id.* Given this, Rule 30(e) is limited to "corrections of stenographic errors, whether those corrections are of form or substance." *ViaSat, Inc. v. Acacia Commc'ns*, No. 16cv463 BEN (JMA), 2018 WL 899250, at *4 (S.D. Cal. Feb. 15, 2018). "Rule 30(e) is not properly used to alter deposition testimony provided under oath and correctly transcribed." *Id.* When a party has attempted to utilize Rule 30(e) beyond this scope, courts should strike the proposed changes. *Ashcraft v. Welk Resort Grp.*, No. 2:16-cv-02978-JAD-NJK, 2017 WL 5180421, at *4-5 (D. Nev. Nov. 8, 2017).

The relevant deposition exchange is as follows:

> Q: And then it states here above the signature, "Specific information related to injuries I sustained from the harassment and torture of Lori Murphy." That's also your handwriting, correct?
>
> A: That looks like my handwriting. Correct.

(ECF 36 at 8.)

Plaintiff seeks to add that the writing says, "from the harassment and taunting of Lori Murphy," instead of "harassment and torture." (ECF 36 at 12). Plaintiff argues that the change is permitted because she misunderstood the question and is clarifying the record.

The Court notes that the only question asked was whether the handwriting on the document belonged to Plaintiff. Plaintiff was not asked whether the document stated,

1  "harassment and torture."  Although the attorney's interpretation of the document may be
2  open for debate, Plaintiff does not seek to correct a stenographic mistake under Rule
3  30(e).  Plaintiff understood the question she was asked and answered it.  Plaintiff's intent
4  to clarify the record is not allowed under Rule 30(e).

5  Further, Plaintiff could have clarified the record at the deposition, and can certainly
6  argue her interpretation of the document at trial.  *See ViaSat, Inc.*, 2018 WL 899250, at
7  *5 (noting that the deponent was not precluded from later clarifying or correcting any
8  testimony he believed to be erroneous).

9  In conclusion, the Court strikes the proposed Errata.

11  **IT IS SO ORDERED**.
12  Dated:  July 5, 2023

_____
Hon. Bernard G. Skomal
United States Magistrate Judge