UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marva LEWIS,<br><br>                                Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, *et al.*,<br><br>                                Defendant. | Case No.: 21-cv-01385-JAH-BGS<br><br>**ORDER FOR IN-PERSON DEPOSITION OF DR. CARROLL**<br><br>**[ECF 49]** |

       On September 6, 2023, the parties contacted the Court with a dispute about whether Defendant's expert witness, Dr. Matthew F. Carroll, must submit to an in-person deposition as provided in the deposition notice served by Plaintiff or whether he may be deposed remotely as Defendant has requested.  For the following reasons, the Court ORDERS that Plaintiff's deposition of Dr. Carroll occur in person.

       The court may on motion order that a deposition be taken by telephone or other remote means.  Fed. R. Civ. P. 30(b)(4).  "The Court's analysis proceeds in two steps: (1) the proponent must advance a legitimate reason for seeking a remote deposition; and (2) if the movant articulates a legitimate reason, then the burden shifts to the opposing party to make a particularized showing that conducting the deposition by remote means would be prejudicial."  *Henry v. Tacoma Police Dept.*, 3:22-cv-05523-LK, 2023 WL 5530201, at *2 (W.D. Wash. Aug. 28, 2023) (internal quotation marks omitted); *see also U.S. v. $160,0066.98 from Bank of Am.*, 202 F.R.D. 624, 629 (S.D. Cal. July 5, 2023)

(holding that the plaintiff had "made a particularized showing why converting the depositions to telephonic would be prejudicial to its . . . case"). Recently, "video conferencing has become a standard means of taking depositions." *Henry*, 2023 WL 5530201, *3; *see Vargas v. Evergreen Prof. Recoveries, Inc.*, No. 2:21-cv-00926-RSL-JRC, 2022 WL 856991, at *1 (W.D. Wash. Mar. 23, 2022) (noting that the pandemic has rendered remote depositions routine "as attorneys and litigants have adapted to new ways to practice law"). However, "remote depositions, particularly of a party or key witness, will [not] always be appropriate." *Id.* "Although remote depositions have become more common since the COVID-19 pandemic, this is 'not an indication that the Court intends to allow parties to use COVID-19 as carte blanche to avoid in-person depositions. Such matters must be determined on a case-by-case basis.'" *Smartwings, A.S. v. Boeing Co.*, No. C21-918 RSM, 2023 WL 3075698, at *2 (W.D. Wash. Apr. 25, 2023) (quoting *Vargas*, 2022 WL 856991, at *3).

Defendant cites decisions that hold that the COVID-19 Pandemic is a "legitimate reason," *see Henry*, 2023 WL 5530201, at *2, for a court to order that a deposition shall be held remotely. (*See* ECF 49 at 5.) Defendant notes that Dr. Carroll is over 60 years old and that his brother died because of contracting COVID-19. (*Id.* at 4.) Defendant cites an August 25, 2023, CNN report that COVID-19 hospitalizations have increased 22% in the last few weeks. (*Id.*)

Plaintiff argues that COVID-19 does not justify a remote deposition because in May 2023, the COVID-19 state of emergency was terminated by the federal government and had already been terminated by the State of California. (*Id.* at 3.) Plaintiff stresses that Dr. Carroll is the only designated expert in this case and is a key witness whose credibility is central to this case. (*Id.* at 2.) Plaintiff notes that Dr. Carroll's expert report from his independent medical examination of Plaintiff is based on hundreds of medical records. (*Id.*) Referring to individual records during an in-person deposition would be much more efficient than doing so during a remote deposition. (*Id.*) Plaintiff also notes that Dr. Carroll has been paid by Defendant to testify, that Defendant intends to call him

at trial, and that Dr. Carroll's office is less than a mile from the office of counsel for Plaintiff where he would be deposed.  (ECF 49 at 2.)

Assuming that COVID-19 is currently a legitimate reason to avoid an in-person deposition (although the federal government and the State of California are no longer in a state of emergency related to COVID-19), and that the burden, therefore, shifts to Plaintiff, the Court holds that Plaintiff has made a particularized showing that conducting the deposition remotely would be prejudicial to Plaintiff that outweighs Defendant's showing of a legitimate reason.  *See Bank of Am.*, 202 F.R.D. at 629-30 (holding that although deponents located in Pakistan had legitimate considerations in support of remote depositions, those considerations did not outweigh the plaintiff's need to conduct the depositions in-person in San Diego, which included avoiding the compromised effectiveness of a telephone deposition).

Specifically, Dr. Carroll is the only designated expert witness in the case, which makes his credibility critical.  (ECF 49 at 2.)  Deposing him in person rather than remotely would presumably allow Plaintiff to better appraise his credibility before trial.  In addition, the deposition of Dr. Carroll will be document-heavy, involving reference to hundreds of medical records, which would make the deposition much more efficient if done in person rather than remotely.  (*Id.*)  Dr. Carroll's office is also near the office of counsel for Plaintiff.  (*Id.*)

The Court, therefore, ORDERS that the deposition of Dr. Carroll shall be conducted in person.

**IT IS SO ORDERED**.

Dated:  September 12, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge